**STATE of Missouri, Respondent,**

v.

**Randall Dale BOYD, Appellant.**

**No. 17517.**

Missouri Court of Appeals,
Southern District,
Division Two.

March 10, 1992.

Marcie W. Bower, Columbia, for appellant.

William L. Webster, Atty. Gen., Millie Aulbur, Asst. Atty. Gen., Jefferson City, for respondent.

MONTGOMERY, Judge.

Defendant was convicted by a jury of second degree arson, § 569.050, RSMo Cum.Supp.1990, and was sentenced to three years' imprisonment and a fine of $500. Defendant appeals, presenting three points for our review. Because Defendant's first point requires reversal and remand, we need only address that point.

Defendant alleges the trial court abused its discretion in overruling his challenge for cause to venireperson Helms, thereby denying his right to a full panel of qualified jurors before making his peremptory strikes.[1] We determine the trial court erroneously failed to sustain Defendant's challenge for cause. The pertinent portions of the voir dire examination of Mr. Helms went as follows:

BY MR. MAPLES: Anybody else here in the jury box that's been a witness? Mr. Helms, when were you a witness, sir.

BY MR. HELMS: Uh, mid 70's.

BY MR. MAPLES: Criminal or civil case?

BY MR. HELMS: Criminal.

BY MR. MAPLES: Do you remember which side called you to the stand?

BY MR. HELMS: Well, the state.

BY MR. MAPLES: Were you satisfied with the outcome of that case?

BY MR. HELMS: No.

BY MR. MAPLES: How did it come out?

BY MR. HELMS: The guy got off.

BY MR. MAPLES: And I take it you had some personal knowledge about that case that made you think that wasn't the right outcome?

BY MR. HELMS: Yes.

BY MR. MAPLES: Would you agree that if the state doesn't prove its case that the man being found not guilty is the right outcome?

BY MR. HELMS: No.

BY MR. MAPLES: Were you mistreated as a witness, sir?

BY MR. HELMS: No.

BY MR. MAPLES: Anything about that experience that would affect your judgement here today?

BY MR. HELMS: I don't think so.

"In determining the qualifications of a prospective juror, the trial court has very wide discretion, and the court's ruling will not be disturbed on appeal unless it is clearly against the evidence and constitutes a clear abuse of discretion." *State v. Treadway*, 558 S.W.2d 646, 649 (Mo. banc 1977), *cert. denied*, 439 U.S. 838, 99 S.Ct. 124, 58 L.Ed.2d 135 (1978).

Our Supreme Court has consistently held that a defendant "is entitled to a full panel of qualified jurors before being required to make peremptory challenges, and that there is prejudicial error in failing to sustain a meritorious challenge for cause." *State v. Wacaser*, 794 S.W.2d 190, 193 (Mo. banc 1990). *See State v. Schnick*, 819 S.W.2d 330, 333 (Mo. banc 1991). Each case must be judged on its own facts in determining when a challenge for cause should be sustained. *State v. Harris*, 425 S.W.2d 148, 155 (Mo.1968). Trial courts are often advised as in *State v. Carter*, 544 S.W.2d 334, 338 (Mo.App.1976), that "[e]rrors in the exclusion of potential jurors

---

**1.** The record reflects Defendant used a peremptory strike to remove venireperson Helms.

should always be made on the side of caution."

"Where any question of partiality is raised, but not *directly* refuted by other answers and its application remains in the case in light of the evidence, then it is an abuse of discretion not to sustain a challenge for cause." *State v. Edwards*, 740 S.W.2d 237, 243 (Mo.App.1987).

Here, there can be little question concerning the partiality towards the State reflected in Mr. Helms' answers. Very candidly, he stated he was not satisfied with the outcome of a criminal case where he testified as a witness because "the guy got off." Thereafter, he clearly indicated a not guilty verdict would be improper even if the State failed to prove its case. Thus, Mr. Helms' testimony implies he would be unable to follow the court's instructions on burden of proof. Under these circumstances we determine the trial court abused its discretion in failing to sustain Defendant's challenge for cause. As a result, Defendant was not afforded a full panel of qualified jurors before being required to make his peremptory challenges. *State v. Wacaser, supra.*

This case, like *State v. Hopkins*, 687 S.W.2d 188 (Mo. banc 1985), and *State v. Stewart*, 692 S.W.2d 295 (Mo. banc 1985), is another indication that trial judges should err on the side of caution in deciding challenges for cause in criminal cases. Replacement of a prospective juror of doubtful qualifications is a wiser decision than risking retrial of the case.

Our conclusion on Defendant's first point makes it unnecessary to rule on the remaining two points. The prosecutor can consider Defendant's arguments in deciding whether to invite at retrial a recurrence of the alleged errors. *See State v. Wells*, 804 S.W.2d 746, 749 (Mo. banc 1991).

The judgment is reversed and the cause remanded for a new trial.

SHRUM, P.J., and MAUS, J., concur.